FILED

**April 8, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0908 – *Lawyer Disciplinary Board v. Leah Perry Macia*

WOOTON, Justice, dissenting:

The sole issue before the Court in this lawyer disciplinary case is the length of time of the actual suspension from the practice of law of the respondent lawyer, Leah Perry Macia. The respondent lawyer and the Office of Disciplinary Counsel agreed to a stipulated sanction, which included Ms. Macia's license to practice law being suspended for one year, but that she would only serve ninety days of that one-year suspension. The Hearing Panel Subcommittee ("HPS"), after hearing the evidence in this case, decided not to accept the parties' stipulated sanction, and instead recommended that Ms. Macia actually serve thirty days of her one-year suspension. Because I would defer to the HPS's recommended sanction of a thirty-day suspension as being appropriate in this case, I respectfully dissent.

This Court clearly is the final arbiter of the appropriate sanction for violations of the West Virginia Rules of Professional Conduct. *See* Syl. pt. 3*, Comm. on Legal Ethics v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984), *cert. denied*, 470 U.S. 1028 (1985) ("This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law."). However, we have also held that "substantial deference is given to the . . . [HPS's]

1

findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record." Syl. Pt. 3, in part, *Comm. on Legal Ethics v. McCorkle*, 192 W. Va. 286, 452 S.E2d 377 (1994); *accord In re: L.E.C.*, 171 W.Va. 670, 672, 301 S.E.2d 627, 629 (1983) (recognizing that absent a mistake of law or arbitrary assessment of facts, recommended sanctions in legal ethics cases are to be given substantial consideration.).

I am of the firm belief that the recommended sanction of the HPS, as the body charged with investigating complaints of violations of our Rules of Professional Conducts, is entitled to substantial deference by this Court. While the majority repeatedly references throughout its opinion that "[t]he HPS's report did not explain why it determined that the suspension should be reduced[,]" Rule 3.10 of the West Virginia Rules of Lawyer Disciplinary Procedure only requires the HPS's recommended disposition or report to include "findings of fact, conclusions of law, and a recommended disposition." There is no authority set forth in the Rules of Lawyer Disciplinary Procedure requiring the HPS to explain its reasoning for reducing an agreed-upon sanction, nor is there any authority for the HPS to accept an agreed-upon sanction. Further, after listing Ms. Macia's mitigating factors, which included "(1) the good faith effort to rectify the consequences of her misconduct, (2) the Respondent's cooperative attitude toward the disciplinary proceedings, and (3) the Respondent's remorse for her actions and how they reflected on her as a lawyer and the profession[,]" the HPS further found that she had agreed to serve a "longer period

2

of actual suspension than the HPS found adequate." Thus, the HPS found that an actual thirty-day suspension adequately sanctioned Ms. Macia for her conduct.

Therefore, I would defer to the HPS's recommended thirty-day actual suspension for Ms. Macia's conduct. This deference, however, should in no way be read as excusing or condoning Ms. Macia's clear violations of the Rules of Professional Conduct.